UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE MCFARLAND,

      Plaintiff,

      v.                                         Case No. 25-cv-0507-bbc

WELLPATH HEALTHCARE STAFF,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Lawrence McFarland, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McFarland's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

McFarland has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McFarland has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). Based on a review of the statement, the Court concludes McFarland has neither the assets nor means to pay an initial partial filing fee. McFarland's motion for leave to proceed without prepaying the filing fee will therefore be granted. He will be required to pay the $350 filing fee in the manner described at the end of this decision.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

McFarland explains that on March 6, 2025, he was informed by Wellpath Healthcare Staff that his "repeat H. Pylori test resulted negative indicating successful treatment." He states that he requested additional information but "was given the go around." He explains that he was told he does not have a virus. He also alleges that medical staff refused to cancel his prescriptions for medications to address his cholesterol, blood sugar, and stomach issues because "these are essential medications that cannot be discontinued without proper medical indication." Dkt. No. 1; Dkt. No. 1-1 at 1, 5.

### ANALYSIS

McFarland is a pretrial detainee, so claims related to his medical care arise under the Fourteenth Amendment. To state a claim, McFarland is required to allege that he suffers from a serious medical condition and that Defendants' response to that condition was objectively unreasonable. *See Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019). Unlike the more demanding "deliberate indifference" standard under the Eighth Amendment, "[t]his standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively . . . whether the response was reasonable." *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018).

The Court cannot reasonably infer that Defendants acted unreasonably when they addressed McFarland's health conditions. Although far from clear, it appears that McFarland previously tested positive for H. Pylori bacteria, was treated, and was retested, at which time it was determined the treatment had been successful. Defendants' efforts to resolve McFarland's stomach infection were not unreasonable. Nor are their efforts to address his issues with cholesterol, blood sugar levels, and stomach discomfort. Contrary to McFarland's

3

characterization, Defendants are not "forcing him to take medication"; they are refusing to arbitrarily cancel prescriptions for medically indicated medications. Continuing a prescription to address identified medical issues is not unreasonable. McFarland therefore fails to state a claim.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if McFarland believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **August 15, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on McFarland's failure to state a claim in his original complaint. If McFarland does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that McFarland's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 15, 2025**, McFarland may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision. The Clerk's Office is directed to mail McFarland a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of McFarland shall collect from his institution trust account the $350 filing fee by collecting monthly payments from

McFarland's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McFarland is transferred to another institution, the transferring institution shall forward a copy of this Order along with McFarland remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McFarland is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on July 17, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge