UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE MCFARLAND,

    Plaintiff,

  v.            Case No. 25-cv-0507-bbc

WELLPATH HEALTHCARE STAFF,

    Defendants.

---

**SCREENING ORDER**

---

  Plaintiff Lawrence McFarland, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 17, 2025, the Court screened the complaint and, after concluding the complaint failed to state a claim upon which relief could be granted, gave McFarland the opportunity to file an amended complaint, which he did on August 14, 2025. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### Screening of the Amended Complaint

  The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to McFarland, on March 5, 2025, a doctor at the hospital informed him that he had stomach ulcers from the prescriptions given to him at the Milwaukee County Jail.  McFarland asserts that Wellpath Healthcare staff did not inform him of the stomach ulcers.  McFarland states that he is "frightened to take any prescriptions from these people."  He asserts that he was very healthy before he was incarcerated, but now he has high blood pressure and is prediabetic all because they want him to take medications.  He asserts that he has a right to refuse to take medication and that he cannot be treated without his consent.  McFarland states that he "just want[s] to get paid for pain [and] suffering."  Dkt. No. 14.

## ANALYSIS

McFarland is a pretrial detainee, so claims related to his medical care arise under the Fourteenth Amendment.  As the Court informed McFarland in the original screening order, to state a medical care claim under the Fourteenth Amendment, a plaintiff must allege that he suffers from a serious medical condition and that Defendants' response to that condition was objectively unreasonable.  *See Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019).  Unlike the more demanding "deliberate indifference" standard under the Eighth Amendment, "[t]his standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively . . . whether the response was reasonable." *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018).

The Court cannot reasonably infer from McFarland's undeveloped allegations that unidentified medical staff acted unreasonably when they addressed McFarland's health conditions. McFarland first asserts that medical staff failed to inform him that he was suffering from stomach ulcers, but he includes no allegations from which the Court can reasonably infer that staff knew or had reason to know that McFarland had ulcers. McFarland states that he was diagnosed at the hospital. This suggests that medical staff sent him to the hospital to address whatever issues McFarland was suffering. Medical staff did not act unreasonably when they failed to inform McFarland of a condition they did not know about, nor was it unreasonable for staff to send McFarland to the hospital for treatment that they could not provide.

McFarland also asserts that he was "very healthy" before being incarcerated but now has been diagnosed with high blood pressure and as being prediabetic. However, McFarland includes no allegations about what medical staff did or did not do to allegedly cause these conditions, and the Court will not speculate on that point. The Court also highlights that many people who have high blood pressure and are prediabetic are asymptomatic, so the mere fact that medical staff may have *diagnosed* these conditions does not support an inference that they *caused* these conditions. The fact that they are now trying to treat these previously undiagnosed conditions is not unreasonable.

Finally, McFarland asserts that he cannot be compelled to take medication, but he includes no allegations about who compelled him to take medication, the circumstances under which he was compelled to take medication, or even what medication he was compelled to take. Without these basic factual allegations, the Court cannot reasonably infer that anyone violated his rights. *See* Fed. R. Civ. P. 8; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face"). The amended complaint therefore fails to state a claim upon which relief can be granted, so this action must be dismissed.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 20th day of August, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.